etc. at all. Mr. Baker, good morning. Good morning, Your Honor. May I please record, David Baker on behalf of the appellant Laura Sheedy. As I've been sitting in the courtroom this morning listening to the other arguments, I'm somewhat humbled by the fact that the issue we're bringing to you today is far more mundane, shall we say, than the other issues before you. But it's an issue that is exceedingly important to Ms. Sheedy because it pertains to her home and her financial obligations. In this matter, Ms. Sheedy filed a bankruptcy case and asserted in her Chapter 13 bankruptcy plan that the mortgage transaction at issue here was substantially unfair and that she was deceived about the nature of the obligation and that the lender did not comply with the various regulations involved. Now, there are two separate sources of law that we have to deal with here. Firstly, the transaction is subject to the Federal Truth in Lending Act. And secondly, we have certain aspects of Massachusetts law that are applicable. Now, the Deutsche Bank asserted that the refinancing transaction is exempt from rescission for a couple of reasons, but we disagree about that. Firstly, the first factual disagreement here is whether she received the disclosures that the Federal Statute requires. She says she did not. I don't believe that Deutsche Bank ever brought in any confident evidence as to whether she did or did not. The burden of proof there was, I suggest, inappropriately shifted to Ms. Sheedy because the statutory presumptions involved here presumes that when the borrower signs this statement, that the presumption is rebuttable. Now, there are a number of cases around that have held that that is sufficient to establish a genuine dispute of material fact. Why isn't this... Oh, sorry. I yield to my colleague. Why do we care about this? What about the time? Isn't that expired after three years even if there was no disclosure? Well, that's the aspect where Massachusetts law comes into play. Under Chapter 93A, equitable remedies are permissible. 93A most obviously is recognized as a statute that permits a court to double or triple... Let me just interrupt for a second. If I'm following your answer, I think you're saying yes, the TLIA claims are gone. As a statutory claim, yes. But we have to refer back to the Teller claims to know whether the transaction was substantially unfair such that rescission under 93A should be granted. So there's a factual link there. And if the proper disclosures weren't given, then I'd suggest that that's an unfair or deceptive act of practice under Chapter 93A of the Massachusetts General Laws, which would justify rescission of the transaction. Judge Torello, it looks like he wants to ask something. No, my colleague reads my mind, as I said, and asked the same question I was going to ask. Okay, so as a statutory claim, yes, the TLIA claims are gone because the TLIA is a statute of repose, not a statute of limitations. See, now you're down to the 93A, but why hasn't the 93A claim expired? Because it's being asserted defensively. That's a common error on the part of defendants in this sort of situation. Because Ms. Sheedy was saying that this transaction, by virtue of which you were seeking to foreclose on my residence, was substantially unfair, and thus I'm defending against the foreclosure efforts. And more specifically in this case, she had a bankruptcy case, the bank asserted a proof of claim in the bankruptcy case. So she's defending against the proof of claim, she's defending against foreclosure. Now, the confusion… Are you saying that the statute of limitations doesn't apply to a defense? Beg your pardon? Are you saying that the statute of limitations, either on the TLIA or Chapter 93A, these issues are raised as defenses, the statute of limitations doesn't apply? That's correct. It doesn't apply to a defense. And in fact, even the written demand requirement doesn't apply in a defensive circumstance. You're assuming you have a defense under 93A, though. What happened, given the May v. SunTrust decision, where's your rescission claim? Well, that was a decision related to the Massachusetts version of the Truth in Lending Act. It says nothing about Chapter 93A. Yes, May is a problematic case in that it says that under the Massachusetts version of the Truth in Lending Act, there's no… It's basically a statute of recourse also. And so why would Massachusetts want to use 93A to establish a rescission right that the Massachusetts legislature has not created under its version of TLIA and that doesn't exist under TLIA itself due to passage of time? Why you've got both legislatures saying, no, it's no longer there or it's stale, and yet we're supposed to use 93A to revive it? Well, because the Supreme Judicial Court has consistently said that 93A is sui generis. I think I'm pronouncing that right. It's something new that has never existed before. The rights under Chapter 93A don't depend on contract or tort or equitable remedies. It's a wholly new cause of action. But we don't use it to rewrite statutory causes of action. That's true, but the… And that's what you want us to do. You want us to effectively revive what has expired under both federal and state law. No, because the exciting cases in my brief say for the Supreme Judicial Court has held that rescission is a remedy available under Chapter 93A. And rescission ultimately is a remedy. It's not a cause of action, I suggest. But 93A is a very powerful tool for people to obtain relief from things that they believe were wrongful for them. What do you do with… I mean, how in May the 93A claim itself was disposed of, wasn't it, when it said plaintiff's claim alleging a violation of 93A where it's tied to their asserted right to rescission, which itself does not exist and here does not exist under the two statutes. Their 93A claim currently does not appear to offer relief. It seems to me they're saying that where you don't have the right of rescission otherwise, the 93A claim isn't going to give it to you here. I don't… I trust that the honor is reading it correctly, but I don't remember that part of it. But in any event, the Supreme Judicial Court has held in the past that rescission is a remedy under 93A. I think in May, if I recall the case correctly, there was a Massachusetts version of the Attila claim that had been asserted in the complaint. So they're linking 93A and the Massachusetts Attila statute together. Now here I'm only saying that the requirements of Attila inform the decision as to whether the underlying transaction was unfair or deceptive within the meaning of Chapter 93A, thus warranting the remedy of rescission. Even at my advanced age, I continue to think that the law has remedies for people who have been wronged. Counsel, I don't quite understand your argument that the statute of limitations doesn't apply when you're raising the claims defensively. This is a case in which a proof of claim was filed and then she initiated an adversary proceeding. That doesn't seem to me to be classic defensive raising of a substantive defense. And that's the source of some confusion. But you have to remember that in the bankruptcy context, when a creditor files a proof of claim that under the, I think it's Bankruptcy Rule 3001F, the proof of claim is promiscuous evidence of the amount and validity of the claim. So the only way a bankruptcy debtor can raise issues with respect to the validity of that claim is to commence an action. And statutes of limitations are out the window in all those cases? Well, I don't know, aside from the statute of repose, I don't think there's anything that says you can't defend against something, defend against a claim under a statute of limitations. I don't think statute of limitations bar a defense. They bar the bringing of a claim in the first place. Just to give you an example, the 11th Circuit a month or two ago held contrary to a lot of other precedent that when a creditor files a proof of claim in a bankruptcy case for a debt that is barred by this, that under state law would be barred by the statute of limitations, it's a Fair Debt Collection Practices Act violation. And again, the only way that a bankruptcy debtor can defend against that proof of claim is to commence an action. Whether it's a contested matter by motion or whether it's an adversary proceeding, as in this case, what I'm suggesting is that the procedural posture shouldn't matter. It's what's being sought by the various parties that should control how the matter proceeds. But you're telling us the procedural matter varies precisely, that the rescission claim could not be brought by her affirmatively, but she can raise it as a defense. That's correct. Well, in the case of TILA, I don't see how that's possible because the statute says that the right to rescission shall expire. It's more than just a plain statute of limitations. Now, in the case of the 93A, how do you answer to the argument that you failed to comply with Section 9, which requires you to give notice, etc.? Well, we had a provision in the Chapter 13 plan that specifically, perhaps with not as much detail as one might have wanted, but specifically asserted a 93A claim. But the... Section 9 requires you to notify any prospective respondent within at least 30 days prior to your filing of any action. And I would assume that it includes what took place in the bankruptcy court. That's correct. And you didn't comply with that? I respectfully disagree. All right. Tell me where you did. We did it in the Chapter 13 plan. Right on the first page of the plan, it says the debtor asserts that this transaction is responsible under Chapter 93A and principles of equity as the Supreme Judicial Court defined them in the Fremont decisions. But there are two other points I want to make about this particular issue. Firstly, whether a 93A letter... I keep saying letter, it's not really a letter. Whether a 93A demand was made was never raised in the motion for summary judgment. The Supreme Judicial Court has said that it is not open to the court to determine whether the demand was made or was sufficient. It has to be raised by the parties. The York v. Sullivan case that I cite specifically says that the written demand requirement can be waived. And it's our position that they waived it by not raising it in the summary judgment motion. Does your plan contain any specific deceptive practices which you are claiming? I'm sorry, I didn't quite follow. The plan that you referred to, does it have any reference to any deceptive practices? Well, as I indicated a minute ago, it could have been much more detailed. But we have to be... Just tell me, maybe you can even read me the deceptive practices you claim in the plan. The plan is quite general. I'll freely admit that. But it does refer to 93A, it does refer to the Truth in Lending Act, it does refer to the Fremont decision that I referenced a moment ago. But again, I emphasize firstly that the Deutsche Bank never raised that. And again, in the York v. Sullivan case, the Supreme Judicial Court has said that that's not jurisdictional in the sense that it cannot be waived. I contend that it was, excuse me, I contend that it was in fact waived because they didn't raise it in their summary judgment motion, and that it was error for the bankruptcy court to raise it on its own motion. Secondly, I would again assert that the whole posture of the case is defensive. And in that regard, we again ask that the Court reverse the bankruptcy court and remand for trial. Thank you. Thank you.  Good morning, Your Honors. May it please the Court, my name is Don Randall. I'm here on behalf of the defendants, Deutsche Bank as trustee and the loan servicer, J.P. Morgan Chase Bank, N.A. And I intend to be fairly brief and rely mostly upon our brief. I think the Court has put its finger on the issue here, which is the expiration of the various applicable statutes of limitation. First, under the Truth in Lending Act, although Mr. Baker states that the rescission claim has been asserted defensively and therefore the statute doesn't apply, that in fact is not what the Supreme Court said in the Beach v. Ocwen case, which we've cited in our papers. There they make very clear that the expiration of the three-year period is in fact a statute of repose and governs both affirmative and defensive use of the right of rescission. So I think that is dispositive of the argument that Mr. Baker makes that it's different when it's used offensively. The Supreme Court said it was not different. What about 93A? 93A, there are two things. First, the statute of limitations is four years under 93A, and here the action was not brought within four years of the time of consummation of the loan. So that statute has expired. Second of all, there is the issue about the proper notice being given to, in this particular case, the servicer or the owner of the mortgage. It's a statutory prerequisite to filing suit that specific notice be given, as Your Honor observed, detailing the specifics of the alleged wrong. You can waive that as a defendant. Your Honor, we included it specifically as an affirmative defense in our complaint. When you moved for summary judgment, did you make that argument? We did not specifically raise that argument, no. So the court sua sponte decided the issue based on what? Judge Feeney is very knowledgeable about Chapter 93A, and she may have looked at that. I believe it was raised at oral argument on the motion for summary judgment before Judge Feeney, and it very clearly is set forth in the answer to the complaint. Let me ask you a practical question about this rescission claim. If it were a claim, how would it work? I thought the person has to give back the money and the mortgage disappears. Yes, there's sort of a little twist to that given the differences between the rescission as defined by the Truth in Lending Act, in which if it's done timely and it's appropriate, the creditor, i.e. the mortgagee, has to rescind the mortgage, and then the debtor has to return whatever it was they got from the mortgage.  you'd actually basically have to have a tender back to the bank. Yes, that's correct. And is this a problem here because they're trying to argue that in bankruptcy the mortgage disappears, but the rescission just becomes an unsecured claim? No, the mortgage doesn't disappear in bankruptcy. The mortgage is security. But if rescinded? If the transaction is rescinded? If it were rescinded, what they're trying to do is basically avoid the mortgage and get a free house. That's what they're trying to do. But the thing is, even if it were rescinded, you would revert to the previous mortgage, which was also in favor of, at that point, Washington Mutual Bank. But the time to rescind has long since expired, no matter whether it's an affirmative use of rescission or a defensive use. The Beach v. Ocwen statute of repose holding doesn't apply to the 93A statute of limitations, right? So is it correct that he can raise that defensively without worrying about statute of limitations? He could raise that, except that the language relating to, first of all, as the court observed, it's his action. He's the plaintiff. We're the defendant. And we have not raised that as a defense. Second of all, I think the decision in the SunTrust, the May v. SunTrust cases, is informative in terms of how to analyze the whole issue of asserting rescission as a defense in recoupment. And the court's analysis goes through the prerequisites and requirements for asserting each defense or claim for a defense and determines that rescission and recoupment are mutually exclusive terms. Rescission, as Judge Gadd observed, basically says, put the person back into the position they were in. I give you back what you gave me. You give me what I gave you. And we walk away. And clearly there was no offer here to do that. Since there's no right of rescission under the Beach v. Aquin holding, they can't do that. And the Supreme Judicial Court in the May v. SunTrust case goes on to analyze, well, what if we get recoupment in there? Because recoupment seems to be this funny little thing. And they go on to say that you can't assert recoupment and bootstrap your way into a rescission claim. Recoupment is simply saying, I have something that is a defense to your claim against me. And it goes way back into the history of the law and it's, in essence, an equitable type of defense saying, I shouldn't have to pay you for something I didn't get or for something that wasn't right. And so you can assert as a defense to something that is equitable or wrong. And here there's no claim that the Shedes didn't get the funds to pay off the previous mortgage. There's no claim that there was anything that was wrong with the money. And there's been no offer to tender the money back to the bank to rescind the mortgage. So what the court in the May against SunTrust is, in essence, that you can't bootstrap your way around the statute of limitations for rescission by claiming its recoupment simply by looking and saying, there's this funny wording in this particular statute that says that you can always assert your right of recoupment as a defense to a claim that has been asserted against you. And again, for 93A, the statute of limitations for 93A is four years. And in this case, he did not bring the claim within four years. And again, the notice provision is a statutory prerequisite and you can't bring the claim without giving the notice. And we did preserve our right to assert the failure of notice as a claim by virtue of including it as a specific affirmative defense in our answer to the complaint. Well, what if we wrote to you on that and they sent down and then they just send you a letter and then start all over again and since their argument is the statute of limitations never runs out on them, how does that help you? Well, we disagree that the statute of limitations doesn't run out because what they're complaining about is something that happened in... Right, but if you're right about the statute of limitations, you don't need the demand letter. If, for example, we were to go and affirmatively sue the Sheedys or Mrs. Sheedy on the note, then she would be able to assert 93A as a defense to that claim. But we haven't sued her. We've simply started to initiate a foreclosure proceeding which is not on the note but in fact is going against the collateral for the note. So it's a separate proceeding. So there's no claim here for... I guess you won't know until after the foreclosure whether you have a claim. Right, we did file a proof of claim in the bankruptcy proceeding in order to preserve our rights but we filed as a secured creditor given our mortgage and... That's the potential deficiency claim. In general, Chase does not assert deficiency claims. I can't guarantee in this particular spot but there's been... Normally when the foreclosure notices were given in the first instance which provoked Mrs. Sheedy's bankruptcy filing, you have to send a notice that you intend to collect a deficiency and there was no such notice sent which is a statutory prerequisite to collecting a deficiency. So there is no outstanding claim to collect a deficiency. So I'd like to address briefly some of the other issues which Mr. Baker raised in his brief. One is the issue of the fraud and misrepresentation which there isn't any evidence of. There are no facts set forth in any of the papers about any fraudulent statements or misrepresentations that were made to Mrs. Sheedy. In fact, Mrs. Sheedy at her deposition testified that she liked this loan. She thought it was a great deal and given the fact that her interest rate has been about 3% to 3.5% over the past years, it's a pretty good deal. And she also testified she knew that it would go to... She would have to repay the principal at some point when the interest-only portion of the loan expired. She thought about paying money, but she decided not to. The lack of standing issue I think we've addressed in our papers adequately. As we have addressed our ability to recover costs in the bankruptcy proceeding and the costs that we put forth were supported by affidavits, by a noted foreclosure expert, and there was no evidence given to countervail that testimony as is required by Rule 56. And if the Court has any other questions, I'd be happy to address them. Otherwise, we would rest on our papers. Thank you very much.